UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LEE A. SLOWEY,<br><br>Plaintiff,<br>v.<br><br>PETER HEGSETH et al.,<br><br>Defendants. | CASE NO. 3:26-cv-05140-DGE<br><br>ORDER ON MOTION TO DISMISS (DKT. NO. 11) |

Before the Court is Defendants' motion to dismiss. (Dkt. No. 11.) The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the record. For the reasons set forth below, Defendants' motion is GRANTED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 17, 2026, Plaintiff Lee A. Slowey filed a complaint in this Court. (Dkt. No. 1.) Plaintiff has lived in the same home since 1990, which is located "downgrade from [the] Naval Base (Bangor), in the Clear Creek Drainage Basin." (*Id.* at 5.) Plaintiff obtains water from a private well located on his property, "drawing from an aquifer . . . underlying both his

residence and substantial portions of Bangor." (*Id.*) Plaintiff was diagnosed with leukemia in 2016. (*Id.*) Plaintiff alleges his condition was caused by long-term consumption of contaminated groundwater flowing through the aquifer from multiple sources on the naval base. (*Id.*) Plaintiff alleges Defendants utilized two off-site properties "as dumpsites for contaminated soil[ ], building demolition rubble, [and] metal and railroad rubble produced by the Trident Base renovation." (*Id.* at 5–6.) Plaintiff alleges these sites are additional sources of contamination that contributed to his illness. (*Id.* at 6.) Plaintiff seeks relief pursuant to the Federal Tort Claims Act ("FTCA"), the Clean Water Act ("CWA") and Executive Order 11258. (*Id.* at 3–4.)

On May 1, 2026, Defendants filed the instant motion to dismiss for both failure to state a claim and lack of subject matter jurisdiction. (Dkt. No. 11.) On May 18, 2026, Plaintiff filed a response. (Dkt. No. 13.) On May 27, 2026, Defendants replied. (Dkt. No. 15.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983).

Under Rule 12(b)(6), dismissal is appropriate when plaintiff has failed to "state a claim upon which relief can be granted." "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to

relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547.

Under Rule 12(b)(1), dismissal is appropriate when the court lacks subject matter jurisdiction over the action. Jurisdiction is a threshold issue, and the separation of powers doctrine requires a federal court to determine whether it has jurisdiction at the outset, rather than defer the issue until trial. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). When, as here, the defendant attacks the facts underlying subject matter jurisdiction, plaintiffs "must present 'affidavits or any other evidence necessary to satisfy [their] burden of establishing that the court, in fact, possesses subject matter jurisdiction.'" *Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016) (quoting *Colwell v. Dep't of Health & Hum. Servs.*, 558 F.3d 1112, 1121 (9th Cir. 2009)).

Additionally, complaints filed pro se are "to be liberally construed"; "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) ("*Iqbal* incorporated the *Twombly* pleading standard and *Twombly* did not alter courts' treatment of pro se filings; accordingly, we continue to construe pro se filings liberally when evaluating them under *Iqbal*."). "Unless it is absolutely clear that no amendment can cure the defect, [] a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). However, leave to amend is properly denied if amendment would be futile. *See Ventress v. Japan Airlines*,

603 F.3d 676, 680 (9th Cir. 2010); *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002).

## III. DISCUSSION

### A. As Plead, Plaintiff's Claims are Untimely under the FTCA

Defendants assert Plaintiff's claims are untimely under the FTCA. (Dkt. No. 11 at 9–13.) Under the FTCA, a tort claim against the United States[1] "shall be forever barred" unless it is presented in writing to the appropriate federal agency "within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). In cases involving medical malpractice or hidden injures, the claim does not accrue "until the plaintiff knows or in the exercise of reasonable diligence should know of both the injury and its cause." *Dyniewicz v. United States*, 742 F.2d 484, 486 (9th Cir. 1984). "Discovery of the cause of one's injury, however, does not mean knowing who is responsible for it." *Id.* The "cause" is known "when the immediate physical cause of the injury is discovered." *Id.*

Defendants assert Plaintiff's tort claim accrued in 2016, when he was first diagnosed with leukemia. (Dkt. No. 11 at 11.) Defendants contend Plaintiff could have identified the alleged cause of the injury through reasonable diligence "by the 1990s, at the latest." (*Id.*) Defendants cite Plaintiff's complaint, which references environmental contamination in the area dating back

[1] Defendants assert the United States of America is the only proper party defendant in an action brought under the FTCA and argue Plaintiff's failure to name the United States independently warrants dismissal of this action. *Kennedy v. U.S. Postal Service*, 145 F.3d 1077, 1078 (9th Cir. 1998) (In an FTCA action, the United States "is the only proper party defendant[.]") While Defendant is correct, § 2679(d)(1) of the FTCA states that "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, …the United States shall be substituted as the party defendant." 28 U.S.C.A. § 2679(d)(1). Should this case proceed further, the United States will be substituted as the party defendant, on certification from the Attorney General.

many decades. (*Id.*) Defendants argue Plaintiff did not present his claim to the Navy until 2025, meaning his FTCA claim is forever barred. (*Id.*)

Plaintiff argues Defendants' motion to dismiss is premature. (Dkt. No. 13 at 1.) Plaintiff contends there is a public interest in permitting discovery to move forward in this case because dismissal at this stage would permit other potential tortfeasors to escape liability. (*Id.*) Plaintiff denies he had knowledge of his injury and its cause, asserting this is merely "conjecture" on Defendants' part and stating it would be "inappropriate" to draw conclusions on this point prior to the close of discovery. (*Id.* at 2.) Plaintiff appears to be uncertain regarding the applicable limitations period, questioning whether it is "the Navy's, Counsel's or some other to be determined date?" (*Id.* at 4.)

Plaintiff does not appear to dispute that in the exercise of reasonable diligence he should have known of his injury and its cause no later than 2016. Plaintiff's complaint references documents, reports, and court proceedings concerning alleged contamination in the area dating from the 1940s through the 1990s. (*See* Dkt. No. 1 at 5–22.) To the extent Plaintiff relies on these resources to link his injury to the Defendants' actions, he has not presented any facts to dispute that reasonable diligence would have revealed them within two years of his diagnosis.

Plaintiff asserts that he became aware of "certain per- and polyfluoroalkyl substances (PFAS) contaminating his well" in the fall of 2023, at which point he began "obtaining further information from historical documents and residents' memories." (Dkt. No. 1 at 22.) Plaintiff does not directly link the PFAS contamination to his injury or to the actions of the United States Navy. Furthermore, the discovery of additional information does not negate the finding that reasonable diligence would have allowed Plaintiff to identify the cause of his injury within the FTCA's two-year limitation.

Even reading the complaint in the light most favorable to the Plaintiff, the facts alleged indicate Plaintiff's claim accrued in 2016 when he received his diagnosis (Dkt. No. 1 at 5) and when reasonable diligence would have provided knowledge of both his injury and its cause. The two-year time limitation began running at that moment. Because Plaintiff did not bring administrative action until nine years later (Dkt. No. 12-1), Plaintiff's claim is untimely under the FTCA.

**B. Discretionary Function Exception**

"The United States has waived its sovereign immunity for certain tort claims under the FTCA, and parties can sue the government only where sovereign immunity is waived." *Schurg v. United States of America*, 63 F.4th 826, 831 (9th Cir. 2023) (citing *Esquivel v. United States*, 21 F.4th 565, 572–73 (9th Cir. 2021)). Under the FTCA's discretionary function exception, the United States remains immune from suit based on "the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency" or government employee, "whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).

To determine whether the discretionary function exception applies to bar a tort claim, courts apply a two-step test. *Esquivel*, 21 F.4th at 573 (citing *United States v. Gaubert*, 499 U.S. 315, 322–323 (1991)). A court must first determine whether (1) "the challenged actions involve an 'element of judgment or choice'" and, if so, whether (2) the "judgment is of the kind that the discretionary function exception was designed to shield." *Id*. at 573–574 ((first quoting *Gaubert*, 499 U.S. at 322; and then quoting *Berkovitz v. United States*, 486 U.S. 531, 536 (1988)). "If the challenged action satisfies both of these two prongs, that action is immune from suit—and federal courts lack subject matter jurisdiction—even if the court thinks the government abused

its discretion or made the wrong choice." *Id*. at 574 (quoting *Green v. United States*, 630 F.3d 1245, 1249–1250 (9th Cir. 2011)).

While the plaintiff has the "burden of showing there are genuine issues of material fact as to whether the discretionary function should apply," the government "bears the ultimate burden of establishing that the exception applies." *Id.* (quoting Green, 630 F.3d at 1248–1249). A plaintiff "must advance a claim that is facially outside the discretionary function exception in order to survive a motion to dismiss." *Prescott v. United States,* 973 F.2d 696, 702 & n. 4 (9th Cir. 1992) (citing *Carlyle v. U.S. Dep't of the Army,* 674 F.2d 554, 556 (6th Cir. 1982)).

**1. Plaintiff does not assert non-discretionary actions.**

To determine whether a challenged action is discretionary, courts look to see whether it involved "an element of judgement or choice." *Esquivel*, 21 F.4th at 573 (quoting *Gaubert*, 499 U.S. at 322). Where "a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow," the federal employee has "no rightful option but to follow it," and the discretionary element is not met. *Id.* (citing *Berkovitz*, 486 U.S. at 536). "When a specific course of action is not prescribed, however, an element of choice or judgment is likely involved." *Id*. at 574. (citing *Terbush v. United States*, 516 F.3d 1125, 1129 (9th Cir. 2008).

Plaintiff has not identified a mandatory directive that specifically prescribes the challenged actions. Plaintiff does invoke the Clean Water Act (CWA) generally, but he does not identify which specific provisions of the Act he believes the Navy violated. Even where Plaintiff challenges specific actions taken by the Navy, like its "past construction decisions" or the absence of an effective groundwater monitoring program, he does not link these to a specific provision of the CWA that would have required an alternate course of conduct from the Navy. (Dkt. No. 1 at 5.)

Plaintiff also invokes Executive Order 11258. It is true that in 1988, the Ninth Circuit reversed this Court and determined that the "Executive Order 11258 is a specific and mandatory requirement for the Navy's operations at Bangor" and that the discretionary function exception did not apply to deny this Court subject matter jurisdiction over the Starrett's claims of contamination. *Id*. at 542. After a full trial, however, this Court held that the Navy's methods of wastewater disposal at this site from 1965-1971 were "the result of discretionary decisions" and "not in violation of various executive orders, statutes, and regulations." Findings of Fact, Conclusions of Law, and Judgment, *Starrett v. United States*, No. C86-1119 (W.D. Wash. Oct. 16, 1989). (Dkt. No. 12-3 at 3, 6.) Plaintiff alleges no facts to challenge that finding or to differentiate his claims. Executive Order 11258 was formally revoked on December 17, 1973, and Plaintiff cannot challenge the Navy's actions on the basis that they violated a mandatory directive that had already been revoked. To the extent that Plaintiff is challenging actions taken prior to the formal revocation but after this Court's decision in *Starrett*, it appears that the actions in the few months of overlap consisted mainly of planning, development, and a smaller "pilot plant." (Dkt. No. 1 at 17.) Plaintiff does not articulate why these planning or pilot plant activities violated any specific provision of Executive Order 11258.

Plaintiff does put forth "Hart Crowser 1988 and Hart Crowser 1989" as "documentation of Defendants' failure to follow" sections 3(a) and 4(a) of Executive Order 11258. (Dkt. No. 13 at 5.) This seems to be referring to environmental studies involving the land Bangor is situated on, and Plaintiff asserts that the Navy provided fraudulent data for these reports to conceal the extent of their alleged contamination. (Dkt. No. 1 at 3, 21–22.) It is unclear what fraudulent data was provided or how the inclusion of such data led to Plaintiff's injuries. Plaintiff has not

presented this Court with the Hart Crowser reports, nor has he identified how the Hart Crowser reports demonstrate that Navy violated the provisions of the Order.

Plaintiff has not identified specific provisions or language in either the CWA or Executive Order 11258 that the Navy violated, nor has he pled sufficient facts to demonstrate how the Navy violated those provisions. It therefore appears that the Navy's challenged actions involved "an element of judgment or choice" and are discretionary under step one. *Esquivel*, 21 F.4th at 573 (quoting *Gaubert*, 499 U.S. at 322).

**2. The challenged actions were the kind the discretionary function exception was meant to shield.**

Where an action is discretionary, courts proceed to step two and ask whether the challenged decisions are "the kind that the discretionary function was designed to shield" – namely, government actions based on "social, economic, and political policy." *Esquivel*, 21 F.4th at 574 (citing *Berkovitz*, 486 U.S. at 536–537). "The decision need not be actually grounded in policy considerations, but must be, by its nature, susceptible to a policy analysis." *Miller v. U.S.*, 163 F.3d 591, 593 (9th Cir. 1998) (citing *Gaubert*, 499 U.S. at 325). Additionally, where acts of the government agent are found to be discretionary at step one, "it must be presumed that the agent's acts are grounded in policy when exercising that discretion." *Id*. at 593–594 (citing *Gaubert*, 499 U.S. at 324).

Because the actions challenged here were found to be discretionary at step one, there is a presumption that they are also susceptible to policy analysis at step two. *See id*. Building on this presumption, Defendants point to the "national security policies underlying the mission at Bangor" and the need to "balance environmental response against operational and resource constraints" as evidence that the Navy's decisions were grounded in policy considerations.

Plaintiff does not refute these assertions. He briefly asserts that these decisions were made to protect the political viability of the Trident Program, but that too can be considered a decision based on "political policy." *Id*. at 574 (citing *Berkovitz*, 486 U.S. at 536–537).

Because of the nature of the military operations and environmental considerations involved, it appears the challenged actions are susceptible to policy analysis and "the kind that the discretionary function was designed to shield." *Esquivel*, 21 F.4th at 574 (citing *Berkovitz*, 486 U.S. at 536). The FTCA's discretionary function exception therefore applies and this Court must dismiss this case for lack of subject matter jurisdiction

**ORDER**

For the reasons discussed above, Defendants' motion to dismiss (Dkt. No. 11) is GRANTED. Plaintiff's complaint is DISMISSED without prejudice. Because it is not "absolutely clear" that Complaint cannot be cured by allegation of additional facts, Plaintiff is granted leave to amend to address the deficiencies identified herein. *Lucas v. Dep't of Corr*., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect, [] a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). Plaintiff may file a second amended complaint no later than **October 19, 2026.**

Dated this 17th day of September, 2026.



David G. Estudillo
United States District Judge